IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

I. KIPLAGAT KEMBOI and
REBECCA KIPLAGAT,

        Plaintiffs,

v.                                      Civil Action Nos. 3:11-CV-36(L)
                                                    3:11-CV-37
                                        (BAILEY)

OCWEN LOAN SERVICING, LLC,
DANIEL J. MANCINI, and
MANCINI & ASSOCIATES,

        Defendants.

## ORDER DENYING DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS

Currently pending before this Court is defendant Ocwen Loan Servicing, LLC's Motion to Dismiss [Doc. 31], filed October 14, 2011. The plaintiffs responded on November 8, 2011 [Doc. 38]. The defendant did not reply. This Court has reviewed the record and the motion and, for the reasons set out below, finds that the defendant's motion should be **DENIED**.

## BACKGROUND

### I. Factual Allegations

This case involves the refusal of the plaintiffs' second home mortgage servicer, Ocwen Loan Servicing, LLC ("Ocwen"), to honor a modification agreement of a servicing company it acquired in 2010, HomeEq Servicing ("HomeEq"). In 2003, plaintiffs I. Kiplagat Kemboi and Rebecca Kiplagat executed an adjustable rate note with New Century Mortgage Corporation for a $119,000 mortgage loan secured by their home located in

1

Berkeley County, West Virginia. ([Doc. 30] at ¶ 13). The initial interest rate was 9.5%, and the initial monthly payment was approximately $1000. (Id. at ¶¶ 14-15). In late 2009 or early 2010, plaintiff Kemboi requested a loan modification from HomeEq. (Id. at ¶ 21). By letter dated March 29, 2010, HomeEq notified the plaintiffs that a modification had been granted. (Id. at ¶ 24). The modification agreement, a copy of which was included in the letter, decreased the interest rate to 6.75% for five years and reduced the plaintiffs' monthly principal payment by approximately $200. (Id. at ¶¶ 31-32). The plaintiffs made modified payments in April 2010, May 2010, July 2010, and August 2010. (Id. at ¶¶ 33-37). By letter dated, August 6, 2010, HomeEq alleged that the plaintiffs had been delinquent since April 1, 2010, for a total delinquency of $3,373.18. (Id. at ¶ 38-39).

Five days later, HomeEq notified the plaintiffs that effective August 31, 2010, their loan would be serviced by Ocwen. (Id. at ¶ 43). At the request of an Ocwen representative, the plaintiffs faxed Ocwen a copy of the HomeEq modification agreement on September 20, 2010. (Id. at ¶ 48). On December 9, 2010, Ocwen claimed that HomeEq had denied the plaintiffs' request for a loan modification by letter dated July 22, 2010. (Id. at ¶ 55). The plaintiffs deny receiving any such rejection letter. (Id. at ¶ 56). Ocwen admits that the plaintiffs made modified loan payments between April and August 2010 but claims that those were merely trial payments. (Id. at ¶¶ 57-58). By letter dated February 25, 2011, Daniel J. Mancini and Mancini & Associates ("Mancini"), the substitute trustees, notified the plaintiffs that their home would be sold at foreclosure on March 18, 2011. (Id. at ¶ 72).

In July 2011, plaintiff Kemboi applied for a student loan for his son. (Id. at ¶ 83). By letter dated August 9, 2011, plaintiff Kemboi was notified that his application for a student

loan for his son had been denied. (Id. at ¶ 84). The letter gave this reason for denial: "Presently 90 or more days delinquent." (Id. at ¶ 85). The letter further stated that the information regarding his credit status was obtained from Equifax Info Services, LLC ("Equifax"). (Id. at ¶ 86). The only account shown as delinquent on the Equifax credit report for plaintiff Kemboi is for the home mortgage now being serviced by defendant Ocwen. (Id. at ¶ 87).

## II. Procedural History

On March 16, 2010, the plaintiffs commenced this action in the Circuit Court of Berkeley County, West Virginia, against Ocwen and Mancini. The original Complaint [Doc. 2-2] contained claims for breach of contract, violations of the West Virginia Consumer Credit and Protection Act and the Fair Debt Collection Practices Act, and an injunction enjoining the foreclosure sale.

On April 29, 2011, the defendants removed the above-styled action to the United States District Court for the Northern District of West Virginia based upon diversity and federal question jurisdiction [Doc. 1]. On May 11, 2011, Ocwen filed a timely Answer to the original Complaint [Doc. 8]. The plaintiffs have since amended their Complaint to, *inter alia*, assert a claim for defamation against Ocwen for making false representations to credit reporting agencies regarding the status of their mortgage loan account. ([Doc. 30] at ¶¶ 188-195).

On October 14, 2011, Ocwen filed the instant Motion to Dismiss [Doc. 31], arguing that § 1681t(b)(1)(F) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, preempts the plaintiffs' common law claim of defamation. On November 8, 2011, the plaintiffs filed a Response [Doc. 38], arguing that § 1681t(b)(1)(F) applies only to state

3

statutory claims, whereas § 1681h(e) applies to common law causes of action and preempts those claims except when a consumer shows that false information is furnished with malice or willful intent to injure. Because the plaintiffs allege that Ocwen's false representations were "willful, wanton or made with disregard" for their rights, they argue that their defamation claim should be allowed to proceed. (See [Doc. 30] at ¶ 194).

## DISCUSSION

**I.  Applicable Standard**

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." ***Bell Atl. Corp. v. Twombly***, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." ***Id.*** (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, — U.S. —, 129 S. Ct. 1937, 1949 (May 18, 2009).

4

## II. Analysis

In its motion, Ocwen argues that § 1681t(b)(1)(F) of the FCRA preempts the plaintiffs' common law claim of defamation. For the reasons that follow, this Court disagrees and concludes that the claim, as pled, is also not preempted by § 1681h(e).

Six of the nine district courts in this Circuit have explicitly held that § 1681t(b)(1)(F) applies exclusively to preempt certain state *statutory* claims, while only § 1681h(e) applies to *common law* causes of action (popularly termed the "statutory approach"). *See* **Evans v. Trans Union, LLC**, 2011 WL 672061, *6 (S.D. W.Va. Feb. 14, 2011); **Davis v. Trans Union, LLC**, 526 F.Supp.2d 577, 589 (W.D.N.C. 2007); **Beuster v. Equifax Info. Servs.**, 435, F.Supp.2d 471, 479 (D. Md. 2006); **Johnson v. MBNA America Bank, N.A.**, 2006 U.S. Dist. LEXIS 10533, *24 (M.D.N.C. Mar. 9, 2006); **Barnhill v. Bank of America, N.A.**, 378 F.Supp.2d 696, 703-704 (D. S.C. 2005); **Jeffrey v. Trans Union, LLC**, 273 F.Supp.2d 725, 728 (E.D. Va. 2003). A seventh district court, the Eastern District of North Carolina, has applied the statutory approach without explicit adoption. *See* **Key v. Dirty S. Custom Sound & Wheels**, 2009 U.S. Dist. LEXIS 46907, *3-6 (E.D.N.C. June 3, 2009). The Western District of Virginia has not had the occasion to adopt or reject the statutory approach. Finding persuasive the reasons outlined in the opinions listed above, this Court now adopts the statutory approach and concludes that § 1681t(b)(1)(F) is inapplicable to the plaintiffs' defamation claim.

Having found § 1681t(b)(1)(F) inapplicable, this Court must now determine whether the plaintiffs' defamation claim is preempted by § 1681h(e). That section provides, as relevant here:

> [N]o consumer may bring any action or proceeding in the nature of

defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a credit reporting agency . . . *except as to false information furnished with malice or willful intent to injure such consumer*.

(Emphasis added). Based upon the italicized language, therefore, a consumer's common law claim of defamation will not be found preempted at the motion to dismiss stage as long as the consumer alleges that a furnisher provided false information with malice or willful intent to injure. Here, the plaintiffs allege that Ocwen falsely represented to Equifax or another credit reporting agency that they were delinquent on their home mortgage loan and that those representations were "willful, wanton or made with disregard" for their rights. (See [Doc. 30] at ¶ 194). At this stage, those allegations suffice to allow the plaintiffs' common law claim of defamation to proceed. *Accord* **Barnhill**, 378 F.Supp.2d at 704-705; **Beuster**, 435 F.Supp.2d at 480; **Davis**, 526 F.Supp.2d at 589; *see also* Fed. R. Civ. P. 9(b) (providing that, for pleadings, "malice, intent, knowledge, and other conditions may be averred generally"). Accordingly, Ocwen's motion to dismiss should be **DENIED**.

## CONCLUSION

For the foregoing reasons, this Court concludes that defendant Ocwen's Motion to Dismiss **[Doc. 31]** should be, and hereby is, **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED:** January 9, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE